IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Robert W. Garrett (aka Robert Willie Garrett), #267175,  )<br><br>                    Plaintiff, )<br><br>           vs. )<br><br>Director Jon Ozmint; Mrs. L. Odem; Mrs. V. Jenkins; Mr. James E. Sligh, Jr.; Mr. Caser; Mrs. Gilmore; and SCDC, )<br><br>                    Defendants. ) | Civil Action No. 6:08-0399-HMH-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on motion of defendant South Carolina Department of Corrections ("SCDC") to dismiss. In his complaint, the plaintiff, a state prisoner who is proceeding *pro se*, alleges violations of his constitutional rights under the Eighth and Fourteenth Amendments of the United States Constitution. The plaintiff alleges that the defendants violated his rights by falsely imprisoning him due to good time and work credits not properly being applied to his incarceration.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On May 5, 2008, defendant SCDC filed a motion to dismiss. By order filed on May 6, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he

failed to adequately respond to the motion. The plaintiff filed his response to the motion to dismiss on May 21, 2008.

The SCDC argues that it is immune from suit in this Section 1983 action pursuant to the Eleventh Amendment to the United States Constitution, which provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. In *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), the Supreme Court discussed the application of the Eleventh Amendment in Section 1983 actions, stating:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity . . . or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

*Id.* at 66 (citations omitted). The SCDC is an agency of the State of South Carolina. The Supreme Court found that state agencies, divisions, departments, and officials are entitled to Eleventh Amendment immunity. *Id.* at 70. Although a State may consent to suit in a federal district court, which serves to waive sovereign immunity, *Lapides v. Board of Regents*, 535 U.S. 613 (2002), the State of South Carolina has specifically denied consent to suit in federal district court. *See* South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-20(e).

In his response to the SCDC's motion to dismiss, the plaintiff states that he "will stipulate that the defendant SCDC should be removed from this case."

Wherefore, based upon the foregoing, it is recommended that the SCDC's motion to dismiss be granted.

October 20, 2008                                    s/William M. Catoe
Greenville, South Carolina                          United States Magistrate Judge