IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Robert W. Garrett (aka Robert Willie Garrett), #267175,<br><br>     Plaintiff,<br><br>vs.<br><br>Director Jon Ozmint; Mrs. L. Odem; Mrs. V. Jenkins; Mr. James E. Sligh, Jr.; Mr. Caser; and Mrs. Gilmore,<br><br>     Defendants. | Civil Action No. 6:08-0399-HMH-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

    This matter is before the court on the defendants' motion for judgment on the pleadings or, in the alternative, for summary judgment pursuant to Federal Rules of Civil Procedure 12(c), 12(d), and 56(c). In his complaint, the plaintiff, a state prisoner who is proceeding *pro se*, alleges violations of his constitutional rights under the Eighth and Fourteenth Amendments of the United States Constitution. The plaintiff alleges that the defendants violated his rights by falsely imprisoning him due to good time and work credits not properly being applied to his incarceration.

    Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

    On November 14, 2008, the Honorable Henry M. Herlong, Jr., United States District Judge, granted the motion of defendant South Carolina Department of Corrections ("SCDC") to be dismissed from the case. The remaining defendants filed their motion for

judgment on the pleadings or, in the alternative, for summary judgment on September 16, 2008. By order filed on October 8, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed his response to the motion on November 12, 2008.

The defendants argue that dismissal is appropriate as each of the elements of the plaintiff's complaint has previously been litigated to a full and final decision and, as such, the plaintiff is precluded from re-litigating these same issues under the doctrines of *res judicata* and collateral estoppel.

Prior to the instant action, in 2005, the plaintiff filed a petition for habeas corpus against the former warden of Lieber Correctional Institution, Stan Burtt, and South Carolina Attorney General Henry McMaster. *Garrett v Burtt, et al.*, C.A. No.: 6:05-cv-03497-HMH-WMC. In his petition in that case, the petitioner (the plaintiff in the instant case) alleged that the respondents were unlawfully calculating his sentence and were not deducting good time and earned work credits to reduce his sentence. Respondent McMaster filed a motion to dismiss, while respondent Burtt filed a motion for summary judgment. This court recommended that both motions be granted. This court noted that McMaster was not a proper respondent as the warden where the petitioner was incarcerated was the only proper respondent. With regard to respondent Burtt's motion for summary judgment, this court found as follows:

> On June 13, 2000, the petitioner received a 10-year sentence for a second offense of manufacturing and distributing crack cocaine (Burtt m.s.j., ex. 1, Kenealy aff., Classification Summary Report). South Carolina provides that persons found guilty of this crime for a second time can be sentenced to serve not less than five years nor more than 30 years. S.C. Code Ann. §44-53-375 (B)(2). A second offense for manufacturing and distributing crack cocaine is a Class A felony. S.C. Code Ann. §16-1-90(A). Class A felonies punishable by a maximum term of imprisonment of 20 years or more are deemed no

2

> parole offenses. S.C. Code Ann. §24-13-100. "[A] prisoner convicted of a "no parole offense" … is not eligible for early release, discharge, or community supervision … until the prisoner has served at least eighty-five percent of the actual term of imprisonment imposed. This percentage must be calculated without the application of earned work credits, education credits, or good conduct credits, and is to be applied to the actual term of imprisonment imposed, not including any portion of the sentence which has been suspended. . . ." S.C. Code Ann. §24-13-150(A).
>
> The petitioner must serve eight years and six months (85% of 10 years). Accordingly, his projected max-out date is December 10, 2008, and he cannot use earned work or good time credits to reduce his sentence below the 85% threshold. Accordingly, there is no genuine issue as to any material fact, and respondent Burtt is entitled to summary judgment as a matter of law.

(7/6/06 R&R at 5-6). The report and recommendation was adopted in its entirety by order of Judge Herlong, dated July 31, 2006.

A party invoking *res judicata* (or claim preclusion) must establish (1) that there was a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits. *Meekins v. United Transportation Union*, 946 F.2d 1054, 1057-58 (4th Cir. 1991). In *Meekins*, the Fourth Circuit Court of Appeals explained:

> The preclusive affect of a prior judgment extends beyond claims or defenses actually presented in previous litigation, for "[n]ot only does *res judicata* bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding*.*

*Id.* at 1057 (quoting *Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc.*, 892 F.2d 355, 359 (4th Cir.1989)).

As the Fourth Circuit Court of Appeals held in *Keith v. Aldridge*, 900 F.2d 736 (4th Cir. 1990):

> Consistent with the modern trend, *see* 18 Wright, Miller, & Cooper, § 4407; Restatement (Second) of Judgments § 24 (1982), we have adopted a transactional approach to the identity of claims question—"the appropriate inquiry is whether the new claim arises out of same transaction or series of transactions as the claim resolved by the prior judgment."

*Id.* at 740. Regarding what constitutes the same "transaction or series of transactions," the Fourth Circuit has explained:

> The expression "transaction" in the claim preclusion context "connotes a natural grouping or common nucleus of operative facts." Among the factors to be considered in deciding whether the facts of the current and prior claims "are so woven together" that they constitute a single claim "are their relatedness in time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes."

*Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999) (citations omitted).

As argued by the defendants, there was clearly a final judgment on the merits in the previous action. Both this action and the prior action contain identical factual allegations arising out of the same transaction and/or series of transactions (*i.e.*, that his sentence is being miscalculated and good time/work credits are not being applied to reduce his sentence). Finally, the defendants in the prior action are in privity with the defendants in the instant action. "To be in privity with a party to a former litigation, the non-party must be 'so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved.'" *Martin v. American Bancorporation Retirement Plan*, 407 F.3d 643, 651 (quoting *Jones v. SEC*, 115 F.3d 1173, 1180 (4th Cir.1997)). The defendants, all employees of the SCDC, are in privity to former defendant Burtt, as they are all agents of the State of South Carolina and represent the same legal right in respect to the subject matter involved. The plaintiff's projected max-out date of December 10, 2008, is exactly the same as it was when Judge Herlong granted summary judgment in the prior action (*see* comp. ¶13). Based upon the foregoing, the doctrine of *res judicata* bars the instant action.

4

Furthermore, the issues in this case are also barred by collateral estoppel (or issue preclusion). For collateral estoppel to apply, the proponent must establish that (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue must have been actually determined in the prior proceeding; (3) determination of the issue was a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment must be final and valid; and (5) the party against whom preclusion is asserted must have had a full and fair opportunity to litigate the issue in the previous forum. *Sedlack v. Braswell Servs. Group,* 134 F.3d 219, 224 (4th Cir. 1998). Clearly, elements 1-4 are met. The allegations regarding sentence miscalculation and good time/work credits not being applied to reduce the plaintiff's sentence were litigated and determined in the previous proceeding, and the prior judgment is final and valid. Further, the plaintiff had a full and fair opportunity to litigate the issues in the prior action. In the prior action, the plaintiff filed opposition to both of the dispositive motions and objections to this court's report and recommendation; in addition, he appealed Judge Herlong's order to the Fourth Circuit Court of Appeals, which denied the certificate of appealability. Thus, with the instant action, the plaintiff is attempting to re-litigate an issue previously decided by this court. Based upon the foregoing, the plaintiff's action is barred by collateral estoppel in addition to *res judicata*.

In his opposition to the motion, the plaintiff argues that the defendants waived the affirmative defenses of *res judicata* and collateral estoppel pursuant to Federal Rule of Civil Procedure 8 by failing to raise them in their answer. Nonetheless, the Fourth Circuit Court of Appeals has recognized that *res judicata* may in certain circumstances be raised by the court *sua sponte:*

> To be sure, certain affirmative defenses implicate important institutional interests of the court, and may sometimes be properly raised and considered sua sponte. For example, the affirmative defense of res judicata-which serves not only "the defendant's interest in avoiding the burden of twice defending a suit," but also the important judicial interest in avoiding

5

> resolution of an issue that the court has already decided-may, in "special circumstances," be raised sua sponte. *Arizona [v. California*], 530 U.S. 392, 412-13, 120 S.Ct. 2304; *see also Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir.1998) (concluding that policy of "avoiding relitigation" justified sua sponte consideration of defense of collateral estoppel).

*Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006). *See Saudi v. V. Shp Switzerland, S.A.*, 93 Fed. Appx. 516, 520-21 (4th Cir. 2004) (finding that "given the indisputable privity of the parties and the identity of the issues between the instant case and the case upon which the *res judicata* holding rested, we believe that *sua sponte* invocation of the bar was permissible"). *See also Carbonell v. Louisiana Dept. of Health & Human Resources*, 772 F.2d 185, 189 (5th Cir.1985) (observing that a district court may raise claim preclusion *sua sponte* only in cases where the previous action was litigated in the same district or in cases "in which all relevant data and legal records are before the court and the demands of comity, continuity in the law, and essential justice mandate judicial invocation of the principles of *res judicata*"). Here, the previous case was litigated in the same district before the same judges on the same issues. The plaintiff does not dispute the factual accuracy of the record of his previous lawsuit. This court finds that the interests of justice and judicial economy weigh in favor of dismissal of the instant case as it is barred by the doctrines of *res judicata* and collateral estoppel.

Wherefore, based upon the foregoing, it is recommended that the instant action be dismissed with prejudice.

s/William M. Catoe
United States Magistrate Judge

November 24, 2008

Greenville, South Carolina